United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY THOMAS,<br><br>    Plaintiff,<br><br>  v.<br><br>DEUTSCHE BANK NATIONAL TRUST, et al.,<br><br>    Defendants.                       / | No. C 12-00472 CRB<br><br>**ORDER DENYING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER** |

      Plaintiff Jeffrey Thomas filed a complaint against Deutsche Bank National Trust and other banking defendants ("Defendants") alleging several claims arising out of the attempted foreclosure of his home. Dkt. 1. He then filed an ex parte application for a temporary restraining order enjoining defendants from going ahead with the scheduled Trustee's sale of his home, set for March 16, 2012. Dkt. 3. Plaintiff argues that his Note was securitized and sold, and Wells Fargo Bank, N.A. no longer has any legal relationship to the loan or the Plaintiff. Mot. at 2. Since Defendants providing documentation refuting this point, while Plaintiff provided no evidence, along with Plaintiff's long delay in seeking injunctive relief, the Court DENIES the motion for a temporary restraining order.

**I.    FACTUAL BACKGROUND**

      In 2007, Plaintiff obtained a $472,500.00 mortgage loan from World Savings Bank, FSB ("World Savings"), evidenced by a Note and secured by a Deed of Trust to Plaintiff's property located at 31306 San Andreas Drive, Union City, California 94587 (the "Property").

Compl. (dkt. 1) ¶¶ 11, 16, 17; Defendants' Request for Judicial Notice (dkt. 7-1) Ex. A.[1] World Savings was the original beneficiary under the Deed of Trust. RJN Ex. A. Plaintiff alleges World Savings sold the Note on April 3, 2007, to the World Savings Bank REMIC, of which Deutsche Bank National Trust is the Trustee. In support of this allegation, Plaintiff cites to World Savings' parent corporation's 10-K, which Plaintiff alleges states generally "We often securitized our portfolio loans into mortgage-backed securities . . . . Securitization activity for the year . . . amount to $34.3 billion . . . ."[2] The recorded documents with respect to the Property do not contain any assignment of the Deed of Trust from World Savings to any other entity. Hasenkampf Decl. ¶¶ 2-3; RJN Ex. A.

On January 1, 2008, World Savings Bank, FSB changed its name to Wachovia Mortgage, FSB. Dolan Decl. ¶ 3. On November 1, 2009, Wachovia Mortgage, FSB changed its name to Wells Fargo Bank Southwest, N.A., and then merged into and became a division of Wells Fargo. Id. Thus, it appears from the document that Wells Fargo is the current beneficiary under the Deed of Trust.

On February 4, 2010, ETS Services, LLC ("ETS"), as agent for beneficiary Wells Fargo, recorded a Notice of Default with respect to the Property. RJN Ex. B. The Notice of Default was based on Plaintiff's failure to make his loan payment due on July 15, 2009, and all subsequent payments thereafter. Id. On May 7, 2010, Wells Fargo recorded a Substitution of Trustee substituting ETS as Trustee under the Deed of Trust. RJN Ex. C. Subsequently, also on May 7, 2010, ETS recorded a Notice of Trustee's Sale with respect to

---

[1] The Court GRANTS Defendants' Request for Judicial Notice because the documents are public records "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b)(2).

[2] This statement comes from the only evidence Plaintiff attached to his application, a declaration of Plaintiff's counsel that attaches "the Securitization Audit performed on Thomas' loan." Yesk Decl. (dkt. 3-1). This attachment is the affidavit of Teri L. Petit, a "Forensic Loan Auditor" in Illinois. Yesk Decl. Ex. A. It does not appear from the affidavit that Ms. Petit has personal knowledge of the facts attested to, as required by Federal Rule of Evidence 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."). Thus, the Court does not give weight to this affidavit. This is aside from the fact that Plaintiff's counsel failed to file the actual supporting exhibits to the affidavit with his declaration, and the fact that the "supporting documents" do not relate to the specific loan at issue (*e.g.*, the general statement regarding securitization in the 10-K), and are not even currently available (*e.g.*, a dead link to a Reuters article).

2

the property. RJN Ex. D. A second Notice of Trustee's Sale was recorded with respect to the Property on June 16, 2011. RJN Ex. E. Plaintiff did not appear to raise any objections to these notices, or the rights of Wells Fargo with respect thereto, until filing his Complaint on January 30, 2012. He then moved for an ex parte temporary restraining order on February 29, 2012.

## II.   LEGAL STANDARD

The standard for issuing a preliminary injunction is well established, and mirrors that for a temporary restraining order. Stuhlberg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001). "[I]njunctive relieve [is] an extraordinary remedy that may only be awarded upon a clear showing that the [movant] is entitled to such relief." Winter v. Natural Res. Defense Council, Inc., 555 U.S. 7, 22 (2008). The party seeking relief must demonstrate that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm absent relief; (3) the balance of equities tips in its favor; and (4) the requested relief is in the public interest. Id. at 20. Under the Ninth Circuit's "sliding scale" approach, the first and third elements can be balanced such that "serious questions" going to the merits and a balance of hardships that "tips sharply" towards the movant is sufficient so long as the other two elements are met. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134-35 (9th Cir. 2011).

## III.   DISCUSSION

Plaintiff fails to raise serious questions on the merits, nor to demonstrate a likelihood of irreparable harm, thus he fails to meet the requirements for a temporary restraining order.

Plaintiff's main argument for why the foreclosure cannot go forward is that the loan was securitized, and therefore, Wells Fargo does not have authority to foreclose. California Civil Code section 2924, *et seq.* create a framework for regulation of non-judicial foreclosure, and these "provisions cover every aspect of exercise of the power of sale contained in a deed of trust." Gomes v. Country Wide Home Loans, Inc., 192 Cal. App. 4th 1149, 1154 (2011) (citations omitted). Section 2924(a)(1) permits a trustee, mortgagee, or

beneficiary, or any of their authorized agents to initiate the foreclosure procedure. Id. at 1155.

Wells Fargo's predecessor, World Savings, was the beneficiary under the Deed of Trust associated with Plaintiff's loan, and Wells Fargo is the current beneficiary according to the documents associated with the loan. RJN Ex. A; Hasenkampf Decl. ¶¶ 2-3. Therefore, under California law, it had the authority to appoint a trustee and initiate foreclosure proceedings. Gomes, 192 Cal. App. 4th at 1155. This is what happened on February 4, 2010, when ETS, Wells Fargo's agent, recorded the Notice of Default as authorized by Section 2924(a)(1). RJN Ex. B. ETS was then substituted in as trustee by the beneficiary of record, as authorized by Section 2934a. RJN Ex. C. After three months had elapsed (as required by Section 2924(a)(2)), on May 7, 2010, ETS recorded a Notice of Trustee's Sale. RJN, Ex. D. On June 16, 2011, ETS recorded a subsequent Notice of Trustee's Sale so as not to run afoul of the requirement in Section 2924g(c)(1) that postponement of the sale "not [] exceed a total of 365 days from the date set forth in the notice of sale."

Thus, at least at this point, the evidence demonstrates that Wells Fargo has always been the beneficiary under the Deed of Trust, is authorized to initiate the foreclosure, and did so in compliance with California law. Therefore, Plaintiff fails to demonstrate a likelihood of success on the merits.

Moreover, Plaintiff fails to demonstrate irreparable harm. Wells Fargo initiated the foreclosure process in February 2010. This is over two years before Plaintiff filed for emergency relief. RJN Exs. B, D. Delay in seeking injunctive relief can imply a lack of urgency and irreparable harm, and weighs against the propriety of such relief. Miller ex rel. NLRB v. Cal. Pac. Med. Ctr., 991 F.2d 536, 544 (9th Cir. 1993); Lydo Enters. v. City of Las Vegas, 745 F.2d 1211, 1213 (9th Cir. 1984).

//
//
//
//

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES the ex parte application for a temporary restraining order.

**IT IS SO ORDERED.**

Dated: March 9, 2012

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE