IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY THOMAS,<br><br>        Plaintiff,<br><br>   v.<br><br>DEUTSCHE BANK NATIONAL TRUST,<br>ET AL.,<br><br>        Defendants.<br>_____/ | No. C 12-00472 CRB<br><br>**ORDER GRANTING MOTION TO DISMISS AND MOTION TO EXPUNGE LIS PENDENS** |

    Plaintiff Jeffrey Thomas filed a complaint against Deutsche Bank National Trust and other banking defendants ("Defendants") alleging several claims arising out of the attempted foreclosure of his home. Dkt. 1. He then filed an ex parte application for a temporary restraining order enjoining defendants from going ahead with the scheduled Trustee's sale of his home, set for March 16, 2012. Dkt. 3. The Court denied the application for a TRO on March 9, 2012, finding no likelihood of success on the merits and questioning the claim of irreparable harm due to the delay in filing for injunctive relief. Dkt. 9. The Defendants then filed a motion to dismiss all claims with prejudice (dkt. 16) and a motion to expunge the lis pendens (dkt. 18). Since all the claims are either preempted by HOLA or the FDCPA does not apply to the facts of the case, the Court GRANTS the motion to dismiss with prejudice. Since the Plaintiff provides no evidence to support his alleged claims, the Court GRANTS the motion to expunge the lis pendens.

**I. FACTUAL BACKGROUND**

In 2007, Plaintiff obtained a $472,500.00 mortgage loan from World Savings Bank, FSB ("World Savings"), evidenced by a Note and secured by a Deed of Trust to Plaintiff's property located at 31306 San Andreas Drive, Union City, California 94587 (the "Property"). Compl. (dkt. 1) ¶¶ 11, 16, 17; Defendants' Request for Judicial Notice (dkt. 17) Ex. A.[1] World Savings was the original beneficiary under the Deed of Trust. RJN Ex. A. Plaintiff alleges that on or about April 3, 2007, World Savings, as it was [sic] established business practice, securitized and sold the Note and Mortgage to a real estate-mortgage-investment-conduit ('REMIC') trust," and "concealed the fact that the Loans were securitized." Compl. ¶¶ 18, 117. The recorded documents with respect to the Property do not contain any assignment of the Deed of Trust from World Savings to any other entity. RJN Ex. A.

Plaintiff further alleges that on December 31, 2008, "Wells Fargo & Co. ('Wells Fargo') purchased some of the assets of Wachovia Bank, which had previously purchases some of the assets of World Savings. These purchased assets did not include either the Note or the Mortgage." Compl. ¶ 20.

The documents demonstrate that on January 1, 2008, World Savings Bank, FSB changed its name to Wachovia Mortgage, FSB. Dolan Decl. ¶ 3. On November 1, 2009, Wachovia Mortgage, FSB changed its name to Wells Fargo Bank Southwest, N.A., and then merged into and became a division of Wells Fargo. Id. Thus, it appears from the document that Wells Fargo is the current beneficiary under the Deed of Trust.

---

[1] The Court GRANTS Defendants' Request for Judicial Notice because the documents are public records "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b)(2). Plaintiff filed Objections to the Request for Judicial Notice, stating that while the court may take judicial notice of the fact that a document was recorded, it may not take judicial notice of disputed factual matters stated therein. Dkt. 22-1. First, these Objections are unsigned, in violation of Federal Rule of Civil Procedure 11(a), which requires the Court to strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's attention. The omission has not yet been corrected at this point. Second, the court can only take judicial notice of facts not subject to reasonable dispute. Plaintiff, while citing some cases where the court takes notice only of the existence of the recorded documents but not the truth of the matters stated therein, does not demonstrate why the court should deny the request here. Still, the Court has relied on the documents for their existence, rather than the truth of the matters stated therein, as the decision here rests on preemption and other non-factual issues.

On February 4, 2010, ETS Services, LLC ("ETS"), as agent for beneficiary Wells Fargo, recorded a Notice of Default with respect to the Property. RJN Ex. B. The Notice of Default was based on Plaintiff's failure to make his loan payment due on July 15, 2009, and all subsequent payments thereafter. Id. On May 7, 2010, Wells Fargo recorded a Substitution of Trustee substituting ETS as Trustee under the Deed of Trust. RJN Ex. C. Subsequently, also on May 7, 2010, ETS recorded a Notice of Trustee's Sale with respect to the property. RJN Ex. D. A second Notice of Trustee's Sale was recorded with respect to the Property on June 16, 2011. RJN Ex. E. Plaintiff did not appear to raise any objections to these notices, or the rights of Wells Fargo with respect thereto, until filing his Complaint on January 30, 2012. He then moved for an ex parte temporary restraining order on February 29, 2012, which this Court denied.

The Motion states that on March 16, 2012 the Property was sold at a Trustee's Sale. Mot. at 3. The Defendants then filed a Notice of Errata on April 5, 2012, stating that the property was not in fact sold on March 16, 2012. Dkt. 19.

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in a complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). "Detailed factual allegations" are not required, but the Rule does call for sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In determining facial plausibility, whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).

3

1    A complaint should not be dismissed without leave to amend unless it is clear that the
2 claims could not be saved by amendment. Swartz v. KPMG LLP, 476 F.3d 756, 760 (9th
3 Cir. 2007).

**III.    DISCUSSION**

    **A.    Motion to Dismiss**

Defendants argue all of Plaintiff's claims are deficient for several reasons. As two of the reasons provide a basis for disposing of all of the claims, the Court need not reach the other proffered reasons to dismiss.

        **1.    Preemption Under HOLA**

Defendants' argue that many of Plaintiff's claims are preempted by HOLA and its implementing regulations, including 12 C.F.R. § 560.[2] Congress enacted HOLA with the purpose of chartering savings associations that are "centrally regulated according to nationwide 'best practices'" under federal law. Nguyen v. Wells Fargo Bank, N.A., 749 F. Supp. 2d 1022, 1031 (N.D. Cal. 2010) (citing Silvas v. E*Trade Mortg. Corp., 514 F.3d 1001, 1004 (9th Cir. 2008)). "Through HOLA, Congress gave the OTS broad authority to issue regulations governing federal savings associations." Id. (citing 12 U.S.C. § 1464; Silvas, 514 F.3d at 1005). In exercising that broad authority, OTS "occupies the entire field of lending regulation for federal savings associations." 12 C.F.R. § 560.2. "Thus, the federal regulation is intended to preempt all state laws purporting to regulate any aspect of the lending operations of a federally chartered savings association, whether or not OTS has adopted a regulation governing the precise subject of the state provision." Lopez v. World Savs. and Loan Ass'n, 105 Cal. App. 4th 729, 738 (2003).

Here, Plaintiff's main argument is that the loan was securitized into a REMIC trust, and that this action divested the lender of interest in the Note, and has tainted all the

---

[2] Defendants contend that HOLA applies here because World Savings, which made the loan to Plaintiff and later merged into Wells Fargo, was a federally chartered savings bank organized and operating under HOLA. Other courts have applied HOLA where the original lender was a federal savings bank that later merged into a national savings association such as Wells Fargo. See, e.g., DeLeon v. Wells Fargo Bank, N.A., 729 F. Supp. 2d 1119, 1126 (N.D. Cal. 2010); Haggarty v. Wells Fargo Bank, N.A., No. 10-2416, 2011 U.S. Dist. LEXIS 9962, at *10-11 (N.D. Cal. Feb. 2, 2011).

4

foreclosure procedures. The bulk of Plaintiff's claim rest on this proposition. Yet, other courts have previously determined that HOLA preempts claims based on the proposition that a lender wrongfully securitized a loan and that it may not foreclose because it does not "hold the note."

In Hague v. Wells Fargo Bank, N.A., No. 11-2366, 2011 WL 6055759, at *5 (N.D. Cal. Dec. 6, 2011), Judge Henderson explained that "[t]he fact that the [Plaintiff] challenge[s] the securitization of the [Plaintiff's] mortgage would seem to fall squarely within § 560.2(b)(10)'s specific preemption of state claims that deal with 'investment' in mortgages." He continued that "[f]urthermore, REMIC securitization (as alleged by the [Plaintiff]) does not actually remove the property interest of the party assigning the note – the purchase of the note by entities which sell securities (i.e. securitization of the note) does not alter the Note." Id. (citing Wadhwa v. Aurora Loan Services, LLC, et al., 2011 WL 2681483, at *4-5 (N.D. Cal. July 8, 2011). Judge Henderson held a declaratory relief claim based upon a challenge to the securitization thus to be preempted by HOLA. See also Ahmed v. Wells Fargo Bank & Co., No. 11-436, 2011 WL 1751415, at *4 (N.D. Cal. May 9, 2011) (finding challenge to foreclosure arising out of securitization preempted by HOLA); Dubose v. Suntrust Mortg., Inc., No. 11-3264, 2012 WL 1376983, at *4 (N.D. Cal. Apr. 19, 2012) (summarizing district courts' rejection of general theories of liability based on securitization of the underlying debt); Unlu v. Wells Fargo Bank N.A., No. 10-5422, 2011 WL 6141036, at *7 (N.D. Cal. Dec. 9, 2011) (denying leave to amend to challenge securitization of mortgage because such would "seem to fall squarely within § 560.2(b)(10)'s specific preemption of state claims that deal with 'investment' in mortgages"). The Court finds the reasoning of these cases persuasive. Plaintiff's argument in response is unavailing.[3]

---

[3] Plaintiff filed his Oppositions to both Motions one day late, and failed to sign the Opposition to the Motion to Dismiss at all, and failed to sign the Opposition to the Motion to Expunge Properly. See dkts. 22, 23. While courts do have discretion to decline to consider late-filed papers, Ditto v. JP Morgan Chase, N.A., 2011 U.S. Dist. LEXIS 2409, at *9 n.1 (N.D. Cal. Jan 10, 2011), the one day is not egregious. The Court assumes the failure to sign was an oversight, but cautions counsel to not make such mistakes in the future and promptly correct such mistakes when they are brought to counsel's attention. See Fed. R. Civ. P. 11(a) ("The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's r party's attention.").

5

1 Plaintiff does not directly address the cases discussed above, but instead argues that 12 C.F.R. § 560.2(c)(2) salvages his claims. That section provides, "State laws of the following types are not preempted to the extent that they only incidentally affect the lending operations of Federal savings associations or are otherwise consistent with the purposes of paragraph (a) of this section . . . . Real Property law." Plaintiff cites to a California case, Mabry v. Sup. Ct., 185 Cal. App. 4th 208 (2010), which held that HOLA does not preempt California Civil Code § 2923.5, a violation of which Plaintiff has not pled. Thus, it is not applicable.

Moreover, federal courts have held that HOLA does preempt § 2923.5, rejecting Mabry's analysis. See, e.g., Nguyen v. Wells Fargo Bank, N.A., 749 F. Supp. 2d 1022, 1033 (N.D. Cal. 2010) (rejecting Mabry and holding § 2923.5 preempted by HOLA); Giannini v. Am. Home Mortg. Servicing, Inc., No. 11-4489, 2012 U.S. Dist. LEXIS 12241, at *22 (N.D. Cal. Feb. 1, 2012) (granting motion to dismiss because HOLA preempts § 2923.5 claim). Thus, the Court finds that HOLA preempts all of Plaintiff's state law claims that are based upon the underlying alleged securitization of the loan, and the issues stemming from it. Therefore, the Court GRANTS the motion to dismiss with prejudice the following claims: Claim One (lack of standing to foreclose); Claim Two (Slander of Title); Claim Three (Quiet Title); Claim Four (Declaratory Relief); Claim Six (Fraud in the Concealment)[4]; Claim Seven (Fraud in the Inducement) as preempted by HOLA.

### 2. FDCPA

Plaintiff's fifth claim alleges that "[s]ince Wells Fargo had no interest in the Note it has not right to collect a debt owed on the Note therefore it was in violation of U.S. Fair Debt Collection Practices of 15 U.S.C. § 1692." Compl. ¶ 114. "[T]he vast majority of district

---

[4] While some courts have found fraud claims not preempted by HOLA, that was when the specific fraud alleged was not related to the securitization practices. See, e.g., Hague, 2011 WL 6055759, at *5 (finding a fraud claim based on allegation that plaintiff wanted a thirty-year fixed rate mortgage but defendants nonetheless signed them up for a pick-a-payment loan not preempted because it was a misrepresentation of what product the plaintiff was being sold, not a flawed disclosure of what the terms and conditions of the product were). That is not the situation here. Rather, Plaintiff's fraud claim is based on an alleged flawed disclosure of what the terms and conditions of the product were, i.e., a claim that there was not disclosure that the loan might be securitized. See Nguyen, 749 F. Supp. 2d at 1032 (dismissing fraud claims as preempted by HOLA when based upon allegations of improper disclosure of loan terms).

6

courts within the Ninth Circuit to have considered the issue have concluded that the FDCPA does not apply to action taken by lenders or their agents when foreclosing on the lender's security interest under a deed of trust, in a non-judicial foreclosure of property." <u>Cromwell v. Deutsche Bank Nat. Trust Co.</u>, No. 11-2693, 2012 WL 244928, at *2 (N.D. Cal. Jan. 25, 2012) (collecting cases). In <u>Cromwell</u>, the court dismissed a claim based on defendants' allegedly conducting a trustee sale on behalf of a beneficiary who had no interest in the Deed of Trust for failing to state a claim under the FDCPA. <u>Id.</u> "Such actions do not amount to debt collection because in a non-judicial foreclosure, the lender or its agent is simply foreclosing on the lender's interest in the property as securitized by the Deed of Trust." <u>Id.</u> The court dismissed the claim with prejudice. <u>Id.</u>

Plaintiff provides no response to this argument, and as the situation here is analogous to that of <u>Cromwell</u>, the Court GRANTS the motion to dismiss the fifth claim with prejudice.

### B. Motion to Expunge Lis Pendens

Defendants seek an order expunging the Notice of Pendency of Action ("lis pendens") recorded by Plaintiff Jeffrey Thomas against the real property. <u>See</u> Hasenkampf Decl. (dkt. 18-1) Ex. A (copy of lis pendens). Since Plaintiff failed to establish the probable validity of any real property claim through evidence, the Court GRANTS the motion to expunge the lis pendens.

#### 1. Legal Standard

With respect to the recording of a lis pendens, federal courts look to the law of the state in which the property is located. <u>See</u> 28 U.S.C. § 1964; <u>Robert v. Wa. Mut. Bank, N.A.</u>, 2012 U.S. Dist. LEXIS 20978 (N.D. Cal. Feb. 17, 2012) (following California law). In California, a recordation of a lis pendens is permitted in any action by a "claimant" who asserts a "real property claim." Cal. Code Civ. Proc. §§ 405.1, 405.4, 405.20. A "real property claim" is defined, in relevant part, to be a cause of action "which would, if meritorious, affect (a) title to, or the right to possession of, specific real property . . . ." Cal. Code Civ. Proc. § 405.4.

A lis pendens is a recorded instrument that provides constructive notice of a pending lawsuit affecting title to a specific real property. Cal. Code Civ. Proc. § 405.24. A lis pendens ensures that any person who attempts to buy that property takes it subject to any judgment that may be entered. Id. The practical effect is to cloud title to the property and prevent its transfer until the lis pendens is expunged. Because of its serious effect on the transferability of property, a lis pendens must be expunged if the plaintiff cannot establish the "probable validity" of the claim by a "preponderance of the evidence." Cal. Code Civ. Proc. § 405.32. "[T]he court shall order that the notice [of pendency of action] be expunged if the court finds that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim." Id. The party opposing the motion to expunge has the burden of proving the probable validity of a real property claim. Cal. Code Civ. Proc. § 405.30 ("The claimant shall have the burden of proof under Sections 405.31 and 405.32.").

A claim has probable validity where "it is more likely than not that the claimant will obtain a judgment against the defendant on the claim." Cal. Code Civ. Proc. § 405.3. In ruling on a motion to expunge, the court must consider the relative merits of the parties' positions, and decide whether the plaintiff has met the burden of establishing the probable validity of the claim by a preponderance of the evidence. Loeb & Loeb v. Beverly Glen Music, Inc., 166 Cal. App. 3d 1110, 1120 (1985).

### 2. Merits

Several of Plaintiff's claims qualify as real property claims (Claim One - Lack of Standing; Claim Three - Quiet Title; Claim Four - Declaratory Relief). Still, it is Plaintiff's burden to come forward with declarations and other admissible evidence to establish by a preponderance of the evidence the probable validity of such claims. Cal. Code Civ. Proc. §§ 405.30, 405.32. As discussed above, Plaintiff has failed to adequately state these claims, and thus, cannot demonstrate the probable validity of such claims. Moreover, even if the Court assumed Plaintiff had stated a real property claim, he has failed to produce any evidence of its probable validity in his Opposition. Plaintiff provides no evidence at all in his Opposition. In fact, as discussed in the Order Denying the Application for Temporary

Restraining Order (dkt. 9), the only evidence presented in the case supports Defendants' position. Thus, the Court GRANTS the motion to expunge.

### 3. Attorneys' Fees

Pursuant to California Code of Civil Procedure § 405.38, a court must award a prevailing party on a motion to expunge its attorney's fees and costs in making such motion, unless the court finds that the other party acted with substantial justification or that other circumstances make the imposition of attorneys' fees and costs unjust. In denying the TRO, the Court held that Plaintiff failed to establish a probability of prevailing on a real property claim, thus, this appears to be a situation where fees are warranted. It is hard to argue that Plaintiff acted with substantial justification when the Court stated already that there were not substantial questions going to the merits of the case. Plaintiff has not challenged the right to an award of fees, or the amount thereof. Thus, the Court AWARDS Defendants the fees and costs it incurred in bringing this motion in the amount of $1,220.

## IV. CONCLUSION

For the forgoing reasons, the Court GRANTS the motion to dismiss with prejudice and GRANTS the motion to expunge the lis pendens and AWARDS attorneys' fees in the amount of $1,220. It is further ordered that the notice of pendency of action (lis pendens) recorded in the Official Records of Alameda County on February 1, 2012 as Document No. 201203267, concerning the property located at 31306 San Andreas Drive, Union City, California 94587, APN 483-43-26 be EXPUNGED.

**IT IS SO ORDERED.**

Dated: May 7, 2012

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE